The Honorable Kevin Smith State Senator 1609 Coker-Hampton Drive Stuttgart, AR 72160-5713
Dear Senator Smith:
You have requested an Attorney General opinion concerning the posting of bail bond companies' addresses under A.C.A. § 17-19-306, as amended by Act 1139 of 2001.
Your questions are:
 (1) How does a circuit clerk prepare a list of the names of bail bond companies when a company is no longer in business, without changing the order of listing that is required under A.C.A. § 17-19-306, as amended by Act 1139 of 2001?
 (2) Who is responsible for providing the local address — the bail bond company or the circuit clerk?
RESPONSE
Question 1 — How does a circuit clerk prepare a list of the names of bailbond companies when a company is no longer in business, without changingthe order of listing that is required under A.C.A. § 17-19-306, asamended by Act 1139 of 2001?
It is my opinion that if a bail bond company is no longer in business, that company should be removed from the list that is posted pursuant to A.C.A. § 17-19-306, and that removal of such companies from the list does not violate the requirements of A.C.A. § 17-19-306.
A.C.A. § 17-19-306 requires that the chief law enforcement officer of any facility housing prisoners must post in the facility a list of bail bond companies that are authorized to do business in the county. The list must contain the names of all companies that have registered with the circuit clerk.
You indicate that your concern arises out of A.C.A. §17-19-306(c)(2)(A), which states in pertinent part:
 (c) The list prepared by the circuit clerk and approved by the circuit court shall be prepared pursuant to the following specifications:
* * *
 (2)(A) * * * The order in which the company name appears on the list will stay in the same order as it registered with the circuit clerk pursuant to this chapter.
A.C.A. § 17-19-306(c)(2)(A).
Your concern is that if a company's name is removed from the list because it is no longer in business, the removal of that name will change the order of the other listings, in violation of the above-quoted section of the statute.
It is my opinion that the removal of a name from the list would not violate the listing order requirement. If a name is removed from the list, the names remaining on the list will still be listed in the correct order of their registration in relation to one another, as required by the statute.
I also note that a viable argument could be made that to include the name of a company that is no longer in business would violate at least the spirit of the statute, if not the letter thereof. Section (a)(1) of the statute provides:
 (a)(1) The chief law enforcement officers of any facilities having individuals or prisoners in their custody shall post in plain view in the facility housing those individuals or prisoners a list of bonding companies authorized to do business in the county provided by the circuit clerk.
A.C.A. § 17-19-306(a)(1).
The obvious purpose of this posting requirement is to make prisoners aware of the local bonding companies that are available to provide service to them. It could well be argued that to include the name of a defunct company on this list would be tantamount to providing false information and would be inconsistent with the purpose of the statute.
For the foregoing reasons, I conclude that the name of any bonding company that has gone out of business should not be included on the list that is posted pursuant to A.C.A. § 17-19-306, and that the removal of the names of such companies would not violate the statute.
Question 2 — Who is responsible for providing the local address — thebail bond company or the circuit clerk?
It is my opinion that under A.C.A. § 17-19-306(a)(1), the circuit clerk is to provide the required list to the chief law enforcement officer of the facility where the list is to be posted. Again, that section of the statute states:
 (a)(1) The chief law enforcement officers of any facilities having individuals or prisoners in their custody shall post in plain view in the facility housing those individuals or prisoners a list of bonding companies authorized to do business in the county provided by the circuit clerk.
A.C.A. § 17-19-306(a)(1) (emphasis added).
The statute clearly requires that the chief law enforcement officer must obtain the information that is to be listed from the circuit clerk, rather than from the bonding companies (or from any other source). The circuit clerk's list is based on information provided by the companies that have registered with the clerk. A.C.A. § 17-19-306(a)(2). However, the statute does not address the question of who is authorized to provide information about the companies to the clerk.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General